**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5023

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LINWOOD EARL JONES, JR., a/k/a Earl Linwood
Jones,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-499)

Submitted: August 31, 2006      Decided: September 21, 2006

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON, BLACKMON, LEE & LAWSON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Linwood Earl Jones, Jr., pled guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a), (b)(1)(D) (West 1999 & Supp. 2006) (Counts One and Four); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006) (Count Two); and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (2000) (Count Six). Jones received a sentence of fifty-four months for Count One, Count Four, and Count Six, and a consecutive ten-year sentence for Count Two. Jones appeals his sentence, arguing that the district court erred in denying him a three-level adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2005), and in refusing either to compel the government to move for a downward departure for substantial assistance, USSG § 5K1.1, p.s., or to depart downward under USSG § 5K2.0, p.s. We affirm in part and dismiss in part.

Jones was initially indicted under the name Earl Lynwood Jones, an error which his attorney pointed out at his arraignment in January 2005. On March 28, 2005, a superseding indictment was filed which charged Jones with the same offenses, but used his correct name. On March 30, 2005, Jones signed a plea agreement, and on March 31, 2005, the day scheduled for trial, he entered a plea of guilty. The probation officer recommended a two-level adjustment for acceptance of responsibility, see USSG § 3E1.1(a),

- 2 -

but the government declined to move for the additional one-level reduction under § 3E1.1(b) because Jones' guilty plea was not timely. At sentencing, Jones objected to the government's failure to move for the additional reduction. The district court overruled his objection.

A defendant who has earned a two-level adjustment for acceptance of responsibility may receive an additional one-level reduction only if the government moves for the additional reduction. USSG § 3E1.1(b). Application Note 6 to § 3E1.1 explains that the government's motion is required because the government "is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial . . . ." Note 6 also specifies that "the conduct qualifying for a decrease . . . under subsection (b) will occur particularly early in the case."

Because Jones entered his guilty plea on the day scheduled for trial, after the government had been forced to prepare fully for trial, and the government consequently declined to move for a reduction under subsection (b), the district court did not err in denying Jones the additional one-level adjustment for acceptance of responsibility.

At sentencing, Jones also challenged the government's failure to move for a downward departure, asserting that he had provided substantial assistance to state authorities and had so

- 3 -

informed the government. The government explained that Jones had provided no assistance to federal authorities. She stated that she had contacted the state officer identified by defense counsel and learned that Jones provided assistance to him. However, after cooperating, Jones engaged in new criminal conduct which formed the basis for the charges in Counts Four and Six. She stated that, under these circumstances, she would not request a § 5K1.1 departure. The district court determined that Jones had not provided substantial assistance to the federal prosecutor, that the government was under no obligation to reward him for assistance to state authorities, and that the government's motives for not requesting a departure were not unconstitutional. The court refused to compel a § 5K1.1 motion and also found no reason to depart downward under § 5K2.0.

This court reviews for clear error the district court's decision not to compel the government to file a § 5K1.1 motion. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). Jones' plea agreement did not obligate the government to move for a § 5K1.1 departure even if he provided substantial assistance. There was no evidence that the government refused to make the motion based on any unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Therefore, the district court did not clearly err in refusing to compel the government to file a § 5K1.1 motion.

A district court's decision not to depart is not reviewable on appeal as long as the court recognized its authority to depart. United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)).[*]  Here, the district court expressed no uncertainty about its authority to depart under USSG § 5K2.0.  The court concluded, however, that under the facts of Jones' case, a departure was not warranted.  We conclude that this claim is not reviewable on appeal.  See Quinn, 359 F.3d at 682.

We therefore affirm the sentence imposed by the district court, but dismiss that portion of the appeal which contests the district court's decision not to depart.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

---

[*]Courts that have considered this issue since United States v. Booker, 543 U.S. 220 (2005), was decided have uniformly concluded that Booker does not change the rule.  See, e.g., United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases from five circuits).